The judgment of the court was pronounced by
Slidell, J.
This case presents a contest for privilege between creditors. The appellants .were lessors of a lot and sheds in which Segura, the lessee, kept his horses and carts, and where they were found at the time of the provisional seizure. The sole contest before the district judge seems to have been whether the landlord’s privilege extends to such property. The appellee contends that the generality of the words “movable effects of the lessee which are found on the property leased,” is to be restrained by the concluding clause of the same article of the code, in which it is said, that the right of privilege includes the furniture of the lessee and the merchandise contained in the house or apartment, if it be a store or shop. Sur les meubles meublans du locataire et sur les marchandises qui garnissent la maison ou appartement loué, si c’est un magasin ou une boutique. He refers also to the expressions used in the French text of articles 285, 287 and 288 of the Code of Practice. The appellants, on the other hand, rely upon the comprehensive terms used in the English text of the articles above mentioned, and also in articles 2676 and 3185 of the Civil Code. The lawgiver there speaks of “ the effects” of the lessee, “ the movables which are found in the place leased,” “ property used in the house,” “ such furniture or property as may be found in the house.”
The legislation upon this subject is certainly loose and inaccurate, and its interpretation not free from difficulty. The conclusion to which we have arrived is, that the interpretation advocated by the appellee is too narrow. It would render many of the expressions of the lawgiver nugatory, and would also bring our code in conflict with the jurisprudence which is the source from which it is mainly derived. The landord’s privilege takes its origin from the Roman law. That law gave the lessor a tacit mortgage as comprehensive as the privilege which seems to be contemplated by the larger expressions of our codes above noticed, covering in general the movables which the lessee brings into the house. Eo jure ultimur ut qua; in prasdia urbana inducía illatave sunt, pignori esse credantur quasi id tacité convenerit. Les mémes lois Romaines accordaient ce droit d’hypothéque tacite, non seulement dans les baux des maisons, c’esl-ádire, des édifices loués pour servir, á l’habitation du locataire, mais pareillement dans les baux des auberges, magasins, cours, boutiques etautres heritages semblables. They excepted, however, movables brought there for a merely transient or temporary purpose. See Pothier, Louage, 110, 227, 245. Domat, *719 book 3, sec. 5, §§ 14. In France, a similar latitude is allowed, although the word “garnit” used in the French text of our codes is found in the Napoleon Code. See Troplong on Privileges, No. 151. The reason for the privilege is found in the fact that the movables occupy the house, and are sheltered and protected by it. There is justice, therefore, in applying them to the payment of the rent. It will be observed, that in this opinion, we are considering the question of privilege ns to property of the lessee only.
It is therefore decreed, that the judgment of the district court be reversed, and that there be judgment in favor of B. and A. Soulie, opponents, for the sum of $377 77; execution to issue forthwith for $115 27, and on the 1st of January, 1st April, 1st July, and 1st October, 1851, and on the 1st January and 1st April, 1852, each for the sum of $43 75, with the lessor’s lein and privilege on the proceeds of the horses, mules and carts seized and sold in this case; said B. and A. Soulie to give credit for any sums they may receive for the rent of the leased premises, until the expiration of the lease, to wit, on the 31st of March, 1852 ; the costs of the appeal to be paid ratably by the appellees, and those of the court below to be paid out of the fund to be distributed. And it is further ordered and decreed, that the judgment of the court below as amended be affirmed; the appellees to be paid after the said B. and A. Soulie, in their respective order, except Louis Janin, who shall be paid concurrently with said B. and A. Soulie.